**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-7759**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AMAAD JAMAAL BRANTLEY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Raymond A. Jackson, District Judge. (2:11-cr-00058-RAJ-FBS-5; 2:16-cv-00383-RAJ)

Submitted: May 27, 2021                    Decided: July 28, 2021

Before DIAZ, RICHARDSON, and RUSHING, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Frances H. Pratt, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Aidan Taft Grano, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Amaad Jamaal Brantley appeals the district court's order denying his 28 U.S.C. § 2255 motion. Brantley pleaded guilty, pursuant to a written plea agreement, to a RICO offense, in violation of 18 U.S.C. § 1962(c), and possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). The predicate for the § 924(c) offense was assault with a dangerous weapon in aid of racketeering activity, which, in turn, was predicated on two Virginia state offenses. He received a total sentence of 144 months' imprisonment. The district court denied Brantley's § 2255 motion as untimely.

On appeal, we granted a certificate of appealability on the following issues: (1) whether, in light of *United States v. Davis*, 139 S. Ct. 2319 (2019), the district court erred in dismissing Brantley's § 2255 motion as untimely; and (2) whether Brantley's § 924(c) conviction is invalid because the Virginia state offenses upon which the conviction was based do not qualify as predicates under § 924(c)'s force clause. The Government now withdraws its timeliness defense to Brantley's § 2255 motion but nevertheless suggests that we may affirm Brantley's § 924(c) conviction because it remains lawful after *Davis*. Brantley moves to remand this case to the district court to consider the merits of his claims in the first instance.

When the district court considered Brantley's § 2255 motion, it did not have the benefit of our recent decision in *In re Thomas*, 988 F.3d 783 (4th Cir. 2021). In *Thomas*, we held that "*Davis* applies retroactively to cases on collateral review." 988 F.3d at 786. We concluded that the *Davis* rule is substantive because it placed individuals "who had

2

committed a crime . . . that satisfied the [crime of violence] definition in . . . [§ 924(c)'s] residual clause . . . beyond the government's power to prosecute," *id.* at 789, and noted that the Supreme Court made *Davis* retroactive because the Court "has held that new substantive rules of constitutional law generally apply retroactively to cases on collateral review." *Id.* at 790 (internal quotation marks omitted). The district court determined that the § 2255 motion was untimely, therefore the court did not reach the merits of Brantley's § 2255 motion in the first instance. Because "we are a court of review, not of first view," *Lovelace v. Lee*, 472 F.3d 174, 203 (4th Cir. 2006) (internal quotation marks omitted), we vacate the district court's order and grant Brantley's motion to remand to the district court for consideration of the § 2255 motion in light of *Thomas*. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*